IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Thomas J. Higgins | : CHAPTER 13 |
| xxx-xx-7610 | : |
| 4027 North Warner Road | : |
| Lafayette Hill, PA 19444 | : CASE NO. 11-19183-JKF |
| | : |
| Debtor | : |
| | : |
| Thomas J. Higgins | : ADVERSE NO. 12-578-JKF |
| | : |
| v. | : |
| | : |
| HSBC Mortgage Services, Inc. | : |
| P.O. Box 21188 | : |
| Egan, MN 55121 | : |
| | : |
| and | : |
| | : |
| Beneficial Consumer Discount Co. | : |
| 26525 N. Riverwoods Blvd. | : |
| Mettawa, IL 60045 | : |
| | : |

### PRETRIAL ORDER NO. 2

AND NOW, ___18th___ Day of April 2013, upon the request of both parties to amend the Order of October 16, 2013 to afford them additional time to negotiate a settlement to this dispute, it is hereby ORDERED, that this Court's Order of October 16, 2012 is hereby amended, as follows:

1. On or before Monday, June 17th, 2013 the parties shall file a joint pretrial statement consistent with the form set forth in paragraph 7 below and file a copy with chambers. The joint pretrial statement shall be signed by all counsel. It is the

obligation of the plaintiffs counsel to initiate, assemble and submit the proposed pretrial statement. Plaintiffs counsel shall submit a proposed joint pretrial statement to defendant's counsel not less than 7 days prior to the deadline for its submission. Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall supersede all pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.

2. All motions in limine shall be filed on or before Monday, June 17, 2013.

3. The joint pretrial statement shall be in the following form:

   A. Basis of jurisdiction. A statement setting forth the basis of jurisdiction and whether the matter is core or noncore. If the matter is noncore, the parties shall state whether they consent to the Court's entry of a final order pursuant to 28 U.S.C. §157(c)(2). If the parties disagree, they shall each cite to relevant authority to support their positions.

   B. Statement of uncontested facts. A statement of the uncontested facts.

   C. Statement of facts which are in dispute. A statement of the facts in dispute. No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility grounds.

   D. Damages or other relief. A statement of damages claimed or relief sought. A party seeking damages shall provide, for each cause of action being pursued: (a) a detailed description of each item of damages claimed; (b) the legal authority for such damages and (c) the specific amount of

damages claimed. A party seeking relief other than damages shall, for each cause of action being pursued, list the exact form of relief sought with precise designation of persons, parties, placed and things expected to be included in any order for relief and the legal authority for such relief.

E. Legal issues. For the causes of action being pursued, identify the following: (1) the constitutional, statutory, regulatory and decisional authorities being relied upon for each cause of action; (ii) the elements which must be satisfied to prevail on each cause of action; and (ill) which party bears the burden of proof on each element. Also list any additional legal issues j(e,g., affirmative defenses) that will be relevant to the court's disposition of the matter, the authority pertinent to each legal issue, and the party which bears the burden on the issue.

F. Witnesses. A list of witnesses in the order in which they will be called, along with a brief statement of the evidence the witness will give. Witnesses shall be classified between those whom any party expected to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

G. A list of all exhibits. A list of all exhibits to be offered into evidence which shall be serially numbered and physically marked before trial in accordance with the schedule. Documents which a party may offer if the need arises shall be separately identified.

H. A list of each discovery item and trial deposition. A list of each discovery item and trial deposition to be offered into evidence. Counsel shall designate by page portion of deposition testimony and by number the interrogatories/request for admissions which shall be offered into evidence.

I. Estimated trial time and scheduling issues. A statement of: (i) the estimated time which the trial will require; and (2) any issues that should be considered in setting a trial date (e.g. witnesses traveling from out-of-state who will need notice of the trial date to make their travel plans).

J. Certification. A certification that the parties have attempted good faith settlement discussions without success.

4. A mandatory pretrial/settlement conference shall be held on Tuesday, July 16, 2013, at 2:00 p.m. in Bankruptcy Courtroom No. 3, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania.

5. If the adversary proceeding is not resolved prior to the conclusion of the final pretrial/settlement conferences, the adversary proceeding shall be set down for trial at the Court's first available trial date. The trial may be continued only in exceptional circumstances on motion to and leave of Court.

5. Seven (7) or more days prior to the date of the trial, each party is required to provide: (i) a copy of exhibits to the opposing parties; and (ii) two copies of exhibits to chambers.

6. The Court may require each party to file (and, if not directed by the Court, each party may choose to file), five (5) days prior to the date of the trial, a pretrial memorandum with service on the opposing party and a courtesy copy delivered to chambers.

HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge